IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Criminal No. 7:16-cr-00017 |
| v. ) | |
| ) | By: Elizabeth K. Dillon |
| BRANDON SCOTT THOMAS ) | United States District Judge |

**MEMORANDUM OPINION AND ORDER**

On August 5, 2020, defendant Brandon Scott Thomas, proceeding *pro se*, filed a motion for compassionate release pursuant to the First Step Act, 18 U.S.C. § 3582(c)(1)(A)(i). (Dkt. No. 387.) In accordance with local Standing Order 2019-1, the court appointed the Federal Public Defender (FPD) and ordered the FPD to respond within seven days with any supplemental filing. (Dkt. Nos. 388, 389.) The FPD declined to supplement Thomas's motion (Dkt. No. 395), and the United States opposed Thomas's motion (Dkt. No. 399). Neither Thomas nor the FPD filed a reply brief, and the court finds that a hearing on the motion is not necessary. For the reasons stated below, the court will deny Thomas's motion.

I. BACKGROUND

On July 17, 2016, Thomas pleaded guilty to one count of conspiracy to distribute methamphetamine, two counts of sex-trafficking, one count of conspiracy to commit sex-trafficking, and one count of possession of a firearm in furtherance of drug-trafficking. (Dkt. Nos. 178–180.) Thomas bought and sold heroin, methamphetamine, and other illegal drugs, and possessed firearms in connection with these drug deals. (Dkt. No. 199 at 1–2.) Thomas also ran a prostitution business in Roanoke and Charlottesville. (Dkt. No. 199 at 2.) Thomas physically

1

abused the women who worked for him and provided them with illegal drugs. (Dkt. No. 199 at 2–3.) The court sentenced Thomas to 324 months of imprisonment. (Dkt. Nos. 258 at 3.)

Thomas is 29 years old and has served over four years of his twenty-seven-year sentence. (Dkt. No. 399-2 at 1; Dkt. No. 399 at 1.) His projected release date is April 28, 2039. (Dkt. No. 399-2 at 1.) Thomas is being held at Petersburg Medium Security Federal Correctional Institution (Petersburg Medium) in Hopewell, Virginia. (Dkt. No. 399-2 at 1.)

Thomas expresses concern about contracting COVID-19 in prison and he fears "the possibility of [a] COVID-20 that would be even deadlier." (Dkt. No. 387 at 3–4.) He states that he suffers from chronic high blood pressure, headaches, asthma, and obesity. (*Id.* at 4–5.) He weighs approximately 409 pounds. (*Id.*) He is concerned that these health problems put him at a greater risk of death if he were to contract COVID-19. (*Id.* at 5–6.) Thomas argues that his imprisonment during the COVID-19 pandemic is a violation of his Eighth Amendment rights.[1] (*Id.* at 9.) Thomas requests a five-year reduction in his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A), or in the alternative, release under home confinement. (*Id.* at 5–6.) Thomas plans to live with his mother in Roanoke if he is released. (*Id.* at 6; Dkt. No. 264 at 43.)

## II. ANALYSIS

**A. Compassionate Release**

United States Code Title 18, Section 3582(c)(1)(A), as amended by the First Step Act, provides that the court may not modify a term of imprisonment once it has been imposed except that:

> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau

---

[1] A motion for compassionate release is not the appropriate vehicle for Eighth Amendment claims. *United States v. Freshour*, No. 506CR00013KDBDCK, 2020 WL 3578315, at *3 (W.D.N.C. July 1, 2020). As such, the court will not address Thomas's Eighth Amendment argument.

> of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent they are applicable, if it finds that –
>
> (i) extraordinary and compelling reasons warrant such a reduction . . . .

In addition to satisfying the above, the reduction must be "consistent with [the] applicable policy statement issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1). The Sentencing Commission's policy statement on compassionate release is set forth in U.S. Sentencing Guidelines § 1B1.13. The Policy provides that under § 3582(c)(1)(A), the court may reduce a term of imprisonment "if, after considering the factors set forth in 18 U.S.C. § 3553(a)," the court determines that:

> (1)(A) Extraordinary and compelling reasons warrant the reduction;
> . . .
>
> (2) The defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and
>
> (3) The reduction is consistent with this policy statement.

U.S.S.G. § 1B1.13. In the application notes, the Policy recognizes extraordinary and compelling reasons with regard to medical conditions (terminal illnesses or serious conditions that diminish self-care abilities), age with deterioration and significant time served, family circumstances, and other extraordinary and compelling reasons other than, or in combination with, the above reasons. U.S.S.G. § 1B1.13 n.1.

"A defendant seeking compassionate release has the burden of establishing that such relief is warranted." *United States v. Ferguson,* No. 515CR00018KDBDSC1, 2020 WL

3

5300874, at *2 (W.D.N.C. Sept. 4, 2020).  Compassionate release is "an extraordinary and rare event."  *White v. United States*, 378 F. Supp. 3d 784, 787 (W.D. Mo. 2019).

**B. Exhaustion**

The First Step Act modified § 3582(c)(1)(A) to allow a prisoner to bring a motion on their own behalf, but the statute still includes an exhaustion requirement.  This court has found that § 3582's exhaustion requirement is not a jurisdictional bar, but rather a claims-processing rule that may be waived.  *See United States v. Brown*, Criminal No. 7:19-cr-00036, 2020 WL 4506798, at *3 (W.D. Va. Aug. 5, 2020).

Here, the government argues that Thomas failed to exhaust his administrative remedies because he did not make a request for compassionate release to the warden at Petersburg Medium.  (Dkt. No. 399 at 12.)  There is nothing in the record to suggest that Thomas made any request for compassionate release within the Bureau of Prisons (BOP).  As such, Thomas has failed to exhaust his administrative remedies.

Courts may waive the exhaustion requirement "due to futility, inadequate relief, or undue prejudice."  *Poulis v. United States*, 2020 LEXIS 70458, * 6 (E.D. Va. Apr. 20, 2020); *see United States v. Haney*, No. 19-CR-541 (JSR), 2020 WL 1821988, at *3–4 (S.D.N.Y. Apr. 13, 2020) ("conclud[ing] that Congressional intent not only permits judicial waiver of the 30-day exhaustion period, but also, in the current extreme circumstances, actually favors such waiver, allowing courts to deal with the emergency before it is potentially too late.").  However, even if the court were to waive the exhaustion requirement, which it does not do in this case, the 18 U.S.C. § 3553(a) factors weigh against Thomas's release.

4

**C. Section 3553(a) Factors**

A court must consider the factors set forth in section 3553(a) when determining whether an individual is eligible for release under the First Step Act. 18 U.S.C. § 3582(c)(1)(A). These factors include: the nature and circumstances of the offense and the history and characteristics of the defendant; the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; to provide the defendant with needed educational or vocational training, medical care, or correctional treatment in the most effective manner; and the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct. *See* 18 U.S.C. § 3553(a).

Here, the § 3553(a) factors weigh against Thomas's motion for compassionate release. Thomas's criminal conduct involved violence. He directed a sex-trafficking operation in which subjected women to physical abuse and threats of violence. (Dkt. No. 181 at 2.) He "slapped, punched, and chocked" a woman he trafficked, "beat her when she was pregnant," "held a knife to her throat," and "tasered her." (*Id.*) He possessed firearms in connection with his drug-trafficking offenses. (*Id.*) The government notes that immediately prior to his arrest, Thomas "perpetrated the destruction of evidence and made unspeakable threats against the family of a federal agent." (Dkt. No. 399 at 19.) As such, Thomas presents a danger to the community. In addition, Thomas has had multiple disciplinary infractions during his time in prison. (Dkt. No. 399-3 at 1.) The most recent incident was on July 21, 2020, at which time he refused work or follow safety regulations. (*Id.*)

Finally, Thomas has served just over four years of his twenty-seven-year sentence. His early release from prison would create unwarranted sentencing disparities among defendants with similar records. Moreover, a shortened sentence will not reflect the seriousness of the offense. For the foregoing reasons, Thomas does not qualify for compassionate release.

### III.  CONCLUSION

For the reasons stated above, it is hereby ORDERED that Thomas's motion for compassionate release (Dkt. No. 387.) is DENIED. The clerk is directed to provide a copy of this order to the defendant, all counsel of record, and the United States Probation Office.

Entered: December 7, 2020.

*/s/ Elizabeth K. Dillon*

Elizabeth K. Dillon
United States District Judge